# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| EDWARD EUGENE SCHAREN,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN FRINK, as agent of CCC and MIKE FERRITER, as agent of Montana DOC,<br><br>Defendants. | Cause No. CV 11-00066-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Mr. Scharen was released from Crossroads Correctional Center on or about October 7, 2012 and is now on probation to report to the Billings Probation & Parole Office. C.D. 48, p. 1. Mr. Scharen's release makes his request for an injunction moot. Mr. Scharen also must submit a current mailing address. Finally, Mr. Scharen's Motion to Amend is denied as untimely.

First, Mr. Scharen has filed a Motion to Obtain Order for Medical Treatment due to ongoing pain and suffering. C.D. 28. Given Mr. Scharen's release from custody, that motion for injunctive relief now is moot. Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (inmate's release from prison generally will moot pending claims for injunctive relief).

1

Second, this case cannot proceed until Mr. Scharen provides the Court with a current mailing address. Mr. Scharen was warned on numerous occasions that he is required to keep the Court and opposing counsel advised of any changes of address. C.D. 3, 5, 15, 25, 31, 35. A self-represented party whose mailing address changes while an action is pending must promptly file a Notice of Change of Address. L.R. 5.2(a). Although counsel for Defendant Ferriter obtained an address for Mr. Scharen after his release, counsel was recently advised that Mr. Scharen no longer lives at that address. C.D. 48, p. 2. Mr. Scharen has not filed a notice of change of address since his release.

Third, Mr. Scharen's Motion to Amend his Complaint (C.D. 40) will be denied without prejudice because it was improperly filed. Mr. Scharen filed the motion after the March 16, 2012 deadline set in the scheduling order for amending pleadings. C.D. 15. In addition, Mr. Scharen failed to attach his proposed amended complaint to his motion in violation of Local Rule 15.1.

It is **ORDERED:**

1. On or before December 14, 2012, Mr. Scharen must provide the Court and Defendants with a valid address for service in compliance with Local Rule 5.2. Failure to comply with this deadline will result in a recommendation of dismissal.

2. Mr. Scharen's Motion to Amend (C.D. 40) is denied.

3. The Clerk of Court is directed to mail a copy of this Order to Mr. Scharen at his address of record; to Mr. Scharen c/o 2822 Minnesota Avenue, Billings, MT 59101; and to Mr. Scharen c/o Billings Probation and Parole, 2615 4th Avenue South, Billings, MT 59101.

It is **RECOMMENDED:**

Mr. Scharen's Motion to Obtain an Order for Medical Treatment (C.D. 28) should be denied as moot.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Scharen may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Scharen files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Scharen from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of November, 2012.

       /s/ Keith Strong
       Keith Strong
       United States Magistrate Judge