# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| EDWARD EUGENE SCHAREN,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN FRINK, as agent of CCC and MIKE FERRITER, as agent of Montana DOC,<br><br>Defendants. | Cause No. CV 11-00066-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 20, 2012, this Court issued an Order requiring Mr. Scharen to provide the Court and counsel with a valid address for service. C.D. 49. The Order was sent to Mr. Scharen at both Crossroads Correctional Center and the address which Defendants obtained from the Department of Corrections upon Mr. Scharen's release from custody. Both mailings were returned to the Court as undeliverable.[1] C.D. 50, 51. Mr. Scharen has not filed a response to the Court's Order or a Notice of Change of Address as required by Local Rule 5.2(a).

---

[1] According to Defendant Ferriter's October 10, 2012 Notice, Mr. Scharen was released from Crossroads Correctional Center on or about October 7, 2012. C.D. 43.

1

This matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Scharen failed to comply with the Court's November 20, 2012 Order and the Court's Local Rules.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>see also</u> Fed.R.Civ.P. 41(b); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. <u>Henderson</u>, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639 (9th Cir. 2002) (<u>citing Ferdik</u>, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed over a year ago. It is at a critical stage in that there is a

2

pending Motion for Summary Judgment C.D. 44 to which Mr. Scharen has not filed a response. Without an ability to communicate with Mr. Scharen, this matter could linger indefinitely. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." Ferdik, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Scharen refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Scharen's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. Id. Mr. Scharen was given an opportunity to notify the Court of his new address but he has not done so. Mr. Scharen has been advised of the requirement of keeping the Court and opposing counsel apprised of his current address. See C.D. 2– Complaint, p. 7, ¶ VII(A); C.D. 3–Notice of Case Opening, p. 2; C.D. 5–Service Order, p. 12; C.D. 15–Scheduling Order, p. 5, ¶ 5; C.D. 25–First Amended Scheduling Order, p. 4, ¶ 3; C.D. 31–Second Amended Scheduling Order, p. 4, ¶ 5; 35–Order, p. 3, ¶ 4. He has failed to do so. Given Mr. Scharen's refusal to respond to the pending motion or keep his address updated, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits. Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). However, Mr. Scharen's failure to respond to Defendants' Motion for Summary

4

Judgment is deeded an admission that the Motion is well-taken. L.R. 7.1(d)(1)(B). Thus, dismissal of the case here will not be contrary to a disposition on the merits.

It is **RECOMMENDED**:

(1) This matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(2) The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

(3) The Clerk of Court is directed to mail a copy of this Order to Mr. Scharen at his address of record; to Mr. Scharen c/o 2822 Minnesota Avenue, Billings, MT 59101; and to Mr. Scharen c/o Billings Probation and Parole, 2615 4th Avenue South, Billings, MT 59101.

DATED this 8th day of January, 2013.

                                                  /s/ Keith Strong
                                                  Keith Strong
                                                  United States Magistrate Judge